(149 App. Div. 382.)

PEOPLE ex rel. CAREY CONST. CO. OF ROME v. SMITH et al.

(Supreme Court, Appellate Division, Fourth Department. March 6, 1912.)

1. MUNICIPAL CORPORATIONS (§ 371*)—CLAIMS AGAINST BOARDS—FUNDS CHARGEABLE.

    The charter of the city of Rome (Laws 1904, c. 650), as amended, creates a board of water and sewer commissioners, and authorizes it to contract in the name of the city for the water and sewer systems, that all moneys received by it from bond issues, etc., shall be kept to the credit of the water funds by the city treasurer, and paid out only on warrants of the board, and also requires the board to pay from such fund the cost of constructing an additional water system. Section 60 creates a board of audit. *Held*, that a claim allowed by the board of audit for extras furnished under a contract with the board of water and sewer commissioners for the construction of a sewer system was payable from the fund provided for its construction, if it was adequate, and not out of the general city fund.

    [Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. § 904; Dec. Dig. § 371.*]

2. JUDGMENT (§ 702*)—JUDGMENT AGAINST MUNICIPALITY—CONCLUSIVENESS ON BOARDS.

    A judgment against a city for work and materials furnished in constructing a sewer system under a contract with the board of water and sewer commissioners is conclusive as to the right to the amount adjudicated until vacated, and cannot be questioned by the board of water and sewer commissioners in mandamus by the contractor against that board and the common council to compel the payment of the claim.

    [Ed. Note.—For other cases, see Judgment, Cent. Dig. 1227; Dec. Dig. § 702.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Appeal from Special Term, Oneida County.

Application for mandamus by the People, on the relation of the Carey Construction Company of Rome, N. Y., against Richard J. Smith and others, constituting the common council of the city of · Rome, N. Y., Harvey S. Bedell and others, constituting the board of water commissioners of Rome, N. Y., and another. From a judgment granting a peremptory writ against those defendants constituting the board of water and sewer commissioners, they appeal. Affirmed.

Argued before McLENNAN, P. J., and SPRING, KRUSE, ROBSON, and FOOTE, JJ.

Theodore E. Hancock, for appellant Board of Water & Sewer Com'rs.

Scripture & Scripture, for relator.

M. J. Larkin, for respondents City and Common Council.

FOOTE, J. The relator, the Carey Construction Company, as contractor, constructed a system of municipal water supply for the city of Rome under a contract with the board of water and sewer commissioners of that city. After finishing the work, it presented to the board of water and sewer commissioners a claim for extras beyond the contract price of $44,238.29. The board of water and sewer commissioners rejected and refused to allow this claim whereupon, in accordance with the provisions. of the city charter, the matter came before the board of audit, consisting of the mayor; the president of the common council, and the presidents of the five administrative boards. The board of audit 'on February 20, 1911, audited and allowed the claim at $18,847.04, and by resolution directed the board of water and sewer commissioners to issue their warrant for the amount. On March 7, 1911, relator demanded a warrant for such sum from said board, which refused by formal resolution to pay the audit or any part thereof. Thereupon relator applied to the court at special term for a peremptory writ of mandamus against the board of water and sewer commissioners, which application was denied, on the ground as claimed by relator that it had an adequate remedy at law, whereupon and on April 29, 1911, relator began an action in this court against the city of Rome to recover said sum of $18,847.-04, with interest from February 20, 1911, upon the audit of its said claim. The common council after some investigation on the subject and after hearing the board of water and sewer commissioners in opposition to payment of the claim adopted a resolution recommending a settlement of the action, and directing the board of water and sewer commissioners to issue a warrant in favor of relator for the sum of $18,847.04, with interest from February 20, 1911, to be paid in full settlement and discontinuance of said action. Copy of this resolution was received by the board of water and sewer commissioners on or about July 13, 1911, and on or about August 1, 1911, said board by resolution refused to comply with the resolution of the common council. No defense having been interposed by the city of Rome in said action, relator on August 3, 1911, duly re-

covered judgment therein against the city of Rome for $19,379.62, being the amount of said claim as audited with interest and costs, and said judgment was duly docketed and entered in Oneida county clerk's office on that day, and on August 16, 1911, certified copy of said judgment was filed with the city clerk of the city, together with a notice addressed to the common council of the city of Rome of the entry of said judgment in behalf of relator, and demanding payment of the same. On September 18, 1911, the common council adopted a resolution denying relator's application for the payment of said judgment and refusing to pay the same, whereupon relator brought on this application for a peremptory writ of mandamus against the board of water and sewer commissioners of the city of Rome and its common council, and, after hearing at Special Term, the relator has been awarded the writ as against the board of water and sewer commissioners alone.

It is stated in the moving affidavits that at the time this proceeding was instituted the general city fund of the city of Rome for defraying the ordinary expenses of the city payable from that fund is more than sufficient to pay said judgment; also, that at the time the common council directed the board of water and sewer commissioners on July 12, 1911, to pay relator's claim as audited, and at the time this proceeding was begun said board of water and sewer commissioners had and have more than sufficient funds properly applicable to the payment of said sum.

Relator's application for the writ was opposed upon the affidavit of one Harvey S. Bedell, chairman of the board of water and sewer commissioners, alleging facts tending to show that the claim of relator was not a just or legal claim, that it arose out of extra work and deviations from the contract, and that certain provisions of the contract and specifications were not complied with by relator in respect to having written orders for the work and in other respects not important to be noted here in our view of the case. They are facts, however, which might have afforded the city of Rome a legal defense to relator's action, had such defense been interposed. Mr. Bedell does not deny the statement in the moving affidavits that the board has funds sufficient to pay relator's judgment which may be properly so applied, but he does say that at the time the proceeding was instituted the board did not have and does not have funds enough arising from water bonds or from the sale thereof to pay said judgment, but that there is more than enough of the general city funds to pay the same, "and upon information and belief that said city of Rome has sufficient property not devoted to public use which may be taken and sold to satisfy said judgment." An affidavit of Mr. McMaster, the city clerk, was also presented in opposition, which states that on October 1, 1911, there was a balance in the general city fund of $47,383.50; that the same consists of taxes levied and collected upon the taxable property of the entire city of Rome, including property both inside and outside the corporation tax district; that on the same date there was on hand to the credit of the water fund of the city the sum of $18,690.96, being the amount of the revenues of

the water department and the sums remaining unexpended from the proceeds of bond issues for defraying the cost of constructing the water supply system; that the revenues to be collected during the month of October, 1911, will amount from $15,000 to $18,000; that the board of water and sewer commissioners has the right to issue $10,000 of unissued bonds which the common council has authorized to be issued.

[1] By the charter of the city of Rome (chapter 650, Laws 1904, and its amendments), the board of water and sewer commissioners are a separate department of the city government, having charge of its water supply and sewer system. It has authority to enter into contracts in the name of the city for the extension and improvement of these systems, and all moneys received by the board from bond issues or receipts from water service are kept by the city treasurer separately to the credit of the water fund, he being also treasurer of this board, and he is to pay out from this fund only on orders or warrants of the board. The charter requires the board to pay out of this fund for constructing the additional water system which was constructed by relator. By section 60 of the charter it is provided that the mayor or president of the common council and the presidents of the five administrative boards shall constitute the board of audit. The common council and each board are authorized to audit claims arising in their respective departments, and to order paid such as, in their judgment, are correct, but, as to all claims which are disputed, they shall be referred to the board of audit, a disputed claim being one to which objection to payment is made by at least two members of the common council or of any administrative board. When so referred to the board of audit, it is required to examine into the disputed claim and report the result of its examination, in cases of claims originating in the common council, to that body, and, in other cases, to the board in which the claims originated. The charter provides, after such report, as follows:

"And the said common council or board, as the case may be, shall, in case the claim was allowed by said board of audit, pay the same at the amount allowed by said board, or in case such claim was rejected by said board of audit, shall refuse payment thereof."

It will thus be seen that relator's claim has been legally established both by audit in the form provided by the city charter and by the judgment recovered against the city thereon. This claim is, according to the charter, properly payable from the fund provided for the construction of the waterworks system, which is the separate fund in the control of the board of water and sewer commissioners. That fund is adequate for its payment. No specific property of the city is pointed out from which this judgment can be collected by execution. The general statement that the city has property not devoted to public use is too vague to justify the assumption that relator has an adequate remedy by execution. The judgment should not be paid from the general fund of the city, because that fund is the property of the city at large, whereas the system of waterworks is, by express provision of the charter, to be paid for from funds of the corporation

tax district, being the built-up portion of the city for the benefit of which the system was installed.

[2] It is not competent for the board of water and sewer commissioners to question in this proceeding the right of the relator to the payment of its claim; that right is conclusively established by the judgment, until it is in some manner set aside or vacated. If the audit and allowance of this claim was collusive and fraudulent, as claimed by this board, it is probably within the power of any member of the board who is a taxpayer to maintain an action as provided by statute to have this judgment vacated. Until that is done, the courts in all proper proceedings for its collection and enforcement must assume that the judgment conclusively determines the legal rights of the relator in respect to its claim.

We conclude that the order appealed from must be affirmed, with costs. All concur.