Day, J.
 

 The paramount issue in this case is whether or not the proceedings in the case of Greorge D. Kildow, taxpayer, against the county commissioners, the county auditor, and the county treasurer, and the findings made and conclusion therein reached, amount to such an adjudication of the matters in issue in the instant case as to bind the parties in the present action.
 

 The rule applicable to the situation is well stated in 15 Ruling Case Law, 1009, Section 483:
 

 • “In the strict sense of the term parties to a judgment or decree, in the eye of the law, are those only who are named as such in the record, and are properly served with process, or enter their appearance, but the term ‘parties,’ within the meaning of the rule making prior judgments conclusive on such, has been held to include all who are directly interested in the subject-matter, of a suit and who have a right to make defense, control the proceedings, examine and cross-examine witnesses and appeal from the judgment, and a person though not technically. a party to a prior judgment may nevertheless have been so connected with it by his interest in the result of the litigation, and by his active participation therein, as to be bound by such judgment. The courts look beyond the nominal parties, and treat all those whose interests are involved in the litigation and who conduct and control the action or defense as real parties, and hold them concluded by any¡ judgment which may be rendered. * * # In other words, by participating in the proceedings one
 
 *54
 
 is estopped by the judgment as to any questions actually litigated and decided therein.”
 

 An examination of the record in the taxpayer’s suit discloses that the respondents, even though unwilling to make the affirmative defense set up by their codefendants, the county commissioners, nevertheless are as public officials bound by the results of such action. The very subject-matter of the present controversy, to wit, the legality of the contract for furnishing the material and performing the lábor for this heating system, was the matter in issue in the so-called taxpayer’s suit. All the substantive defenses that are offered in the present case were before the court considering that case, and the conclusions reached therein are such as bind the parties in the present instance.
 

 The relator, J. A. Leroy, by reason of his interest in the legality of the contract between himself and the county commissioners, should be regarded as in privity with the parties to the taxpayer’s suit. The respondents were parties to the record in that case and are bound by its outcome.
 

 The rule in
 
 Hixson
 
 v.
 
 Ogg,
 
 53 Ohio St., 361, 42 N. E., 32, is applicable.
 

 “Where issue has been joined on a material fact in an action, and the issue judicially determined and carried into judgment by a court having jurisdiction of the action, the parties to such action are concluded by such finding until the judgment is reversed or set aside. And the fact thus established cannot be retried by the same parties in any subsequent action, whether the second action is upon the same or a different subject-matter from the first. In this respect it is immaterial that one of the actions
 
 *55
 
 may have been
 
 ex contractu
 
 and the other
 
 ex delicto.”
 

 See
 
 Strangward
 
 v.
 
 American Brass Bedstead Co.,
 
 82 Ohio St., 121, 91 N. E., 988.
 

 “2.
 
 When a matter has been finally determined in an action between the same parties by a competent tribunal, the judgment is conclusive, not only as to what was determined, but also as to every other question which might properly have been litigated in the case. ’ ’,
 

 See, also,
 
 People, ex rel. Carey Const. Co. of Rome,
 
 v.
 
 Smith,
 
 149 App. Div., 382, 134 N. Y. S., 319.
 

 The reasons for the foregoing rule are well stated by Justice Harlan in
 
 So. Pac. Rd. Co.
 
 v.
 
 United States,
 
 168 U. S., 1, at page 48, 18 S. Ct., 18, 27 (42 L. Ed., 355):
 

 “The general principle announced in numerous cases is that a right, question or fact distinctly put in issue and directly determined by a court of competent jurisdiction, as a ground of recovery, cannot be disputed in a subsequent suit between the same parties or their privies; and even if the second suit is for a different cause of action, the right, question or fact once so determined must, as between the same parties or their privies, be taken as conclusively established, so long as the judgment in the first suit remains unmodified. This general rule is demanded by the very object for which civil courts have been established, which is to secure the peace and repose of society by the settlement of matters capable of judicial determination. Its enforcement is essential to the maintenance of social order; for, the aid of judicial tribunals would not be invoked for the vindication of rights of person and property,
 
 *56
 
 if, as between parties and their privies, conclusiveness did not attend the judgments of such tribunals in respect of all matters properly put in issue and actually determined by them.”
 

 (Finding that the plea of
 
 res adjudicata
 
 of the relator is well taken, it is unnecessary to discuss the other defenses tendered by the respondents, and the decree of the Court of Appeals is therefore affirmed.
 

 Judgment affirmed. '•
 

 Marshall, C. J., Allen, Kinkade, Robinson, Jones and Matthias, JJ., concur.