DUNGAN ET AL. *v.* DUNGAN.

(Decided November 26, 1928.)

*Mr. B. G. Smythe,* for plaintiffs in error.
*Messrs. Flory & Flory* and *Mr. C. G. L. Yearick,* for defendant in error.

HOUCK, J. The errors complained of in this case originated in the common pleas court of Licking county. The parties here with reference to one another stand in a position the opposite of that held in the lower court, but hereafter will be referred to as they stood in the court below.

For many years plaintiff James T. Dungan and defendant Sarah Ida Dungan lived together as husband and wife. However, on the 12th day of December, 1923, Sarah Ida Dungan was decreed a divorce

from James T. Dungan, and their property rights were not only fixed by written agreement between them, but were incorporated in the decree of divorce, which decree is as follows:

"It is, therefore, adjudged and decreed by the court that the marriage relation heretofore existing between said parties be, and the same is hereby dissolved and shall forever hereafter be held for naught.

"It being made to appear to the court that all property matters and rights growing out of said marital relation have by contract in writing been agreed to by the parties, which contract being submitted to the court, upon examination the court approves the same, which contract in substance is as follows:

" 'That defendant, James T. Dungan, shall have the undivided one-half interest in Lot No. 3601 in Eddy's Mount Pleasant Addition to the City of Newark, Ohio, and that the plaintiff, Sarah Ida Dungan, shall have the use and occupancy of the same until said property is sold by the mutual consent of both parties, which is to be sold as soon as a purchaser can reasonably be found for the same, at which time both parties agree to execute a deed for said property; that at the time of said sale said defendant shall pay to Stanley Dungan, son of the parties, the sum of five hundred dollars, out of his portion of the sale money. That the defendant shall convey to the plaintiff, Sarah Ida Dungan, a certain vacant lot in Amhurst Addition to the City of Newark, Ohio, known as lot No. 52 on Sherman Avenue in said city, in fee simple, free and clear of all rights, title and interest of the defendant, James T. Dun-

gan, in and to the same. Said deed to be made and delivered at the time of the sale of the first mentioned property and until said time the defendant to retain a lien on said lot No. 3601 in Eddy's Mount Pleasant Addition to the extent of the one-half of said property and the value thereof.' ''

On the 26th day of April, 1927, the defendant James T. Dungan filed his amended petition in the common pleas court of Licking county against Sarah Ida Dungan and others, in which he sought partition or for an order from the court to sell and dispose of the real estate described in said decree of divorce, in which the property rights of Dungan and his wife had theretofore been fixed in the divorce decree, as hereinbefore set forth.

The prayer of the amended petition is as follows:

''Wherefore, plaintiff prays that the court determine the nature of the plaintiff's estate or interest in the real estate herein described, and if the court find that plaintiff is seized of any estate in said premises that partition be made thereof as provided by law, or, if the court determine that plaintiff has only a lien on said premises, that the court determine the extent of such lien and order the sale of said premises for the satisfaction thereof, and the plaintiff prays for all further or other relief to which he may be entitled either at law or in equity.''

To this amended petition, defendant Sarah Ida Dungan filed an answer in which she denied the right of the plaintiff in that action to sell or dispose of said property, or the right of the court to order same sold and divide the proceeds according to the respective rights of the parties interested therein as fixed in the decree of divorce.

Upon the issues thus raised the cause was submitted to the trial judge, who found as follows:

"This day came the parties and this cause came on for hearing upon the pleadings and the evidence, and the court, having heard the evidence and arguments of counsel, and being fully advised in the premises, finds the issues in favor of the plaintiff, and that. said plaintiff is entitled to the one-half of the value of inlot No. 3601 in Eddy's Mount Pleasant Addition to the City of Newark, Ohio, described in the amended petition, subject to the payment to Stanley Dungan of Five Hundred ($500.00) Dollars out of such one-half of the value of said property belonging to plaintiff, and that said plaintiff should convey to said Sarah Ida Dungan any interest he may have in lot No. 52 on Sherman Ave., in Amhurst Addition to the City of Newark, Ohio, and that to secure the payment of said amount payable to the plaintiff, said plaintiff has a lien on said inlot No. 3601 in Eddy's Mount Pleasant Addition to the City of Newark, Ohio, and that said plaintiff is entitled to have said inlot No. 3601 in Eddy's Mount Pleasant Addition to the City of Newark, sold and to have the amount due the plaintiff, as herein found, paid to him out of the proceeds of such sale.

"It is, therefore, hereby ordered and adjudged by. the court that an order of sale issue to the Sheriff of Licking County, Ohio, commanding him to proceed to have said inlot No. 3601, in Eddy's Mount Pleasant Addition to said City of Newark, Ohio, as the same appears of record in the book of plats, Vol. 3, page 200, in the Recorder's Office of said County, appraised, advertised and sold as upon execution and free of any and all title or claim on the part of

any of the parties to this action. And said Sheriff is ordered to make due return of his proceedings to this court for its further order. To all of which judgment of the court the defendants except.''

To this finding and judgment the plaintiff in error Sarah Ida Dungan excepted and prosecutes error to this court seeking a reversal of the judgment for the following reasons:

First, that the judgment in the divorce case fixing the property rights as between James T. Dungan, Sarah Ida Dungan, and Stanley Dungan is a nullity and of no effect in law.

Second, that the trial court was without jurisdiction or authority in law to enter the judgment in the instant case.

It will be observed that the plaintiff in error attempts to attack collaterally the force and effect of the divorce decree, as relates to the real estate. It also is urged that the property could not be disposed of until both had mutually agreed to do so, which had never been done. The decree fixing the property rights between the parties hereto was made about five years ago.

It occurs to us that a reasonable time has elapsed and that James T. Dungan is clearly within his rights to maintain this suit. It seems to us that the decisive case on this point is that of *Rock* v. *Monarch Building Co.*, 87 Ohio St., 244, at page 252, 100 N. E., 887, 889, in which the Supreme Court laid down the following rule:

''Courts are required, by the application of known rules of law, to enforce valid and reasonable contracts of parties, with the view of carrying out their clear intent, rather than, by resort to technical con-

struction, to render such contracts void. That is certain which may be made certain. Hence the well established rule, and one requiring no citation of authorities in its support, that where the consideration is legal and the promise to perform is clear, but no time for performance is definitely stated in the contract, the stipulation is to be performed within a reasonable time, such being the presumed intent of the parties to be drawn from the entire instrument. We think the rule applies to the circumstances of this case. We think, also, that three years and three months afforded abundant time within which to at least commence the erection of the buildings under the agreement, especially as reasonable notice was given to commence. The foregoing, we think, answers the first proposition urged by defendants' counsel."

It is almost useless to discuss the question pertaining to an attempt to set aside a judgment of a court by collateral attack, and especially under the facts and circumstances surrounding the instant case, as disclosed by the record under review.

We need but cite the case of *Quinn, Aud.,* v. *State, ex rel. Leroy,* 118 Ohio St., 48, 160 N. E., 453, the first syllabus of which reads:

"Material facts or questions which were in issue in a former suit and were there judicially determined by a court of competent jurisdiction are conclusively settled by the judgment therein so far as concerns the parties to that action and persons in privity with them and cannot be again litigated in any future action between the same parties or privies, and this rule also applies not only to what was determined but also as to every other question which might prop-

erly have been litigated in the case. (*Hixson* v. *Ogg,* 53 Ohio St., 361, 42 N. E., 32, and *Strangward* v. *American Brass Bedstead Co.,* 82 Ohio St., 121, 91 N. E., 988, followed and approved.)''

It cannot be successfully claimed that the settlement of property rights between parties to a divorce proceeding is not valid and of legal effect between them in face of the fact that our Supreme Court on numerous occasions has so held. We need only refer to the case of *Hassaurek* v. *Markbreit, Admr.,* 68 Ohio St., 554, 67 N. E., 1066, wherein the court holds:

''When upon the trial of a suit for divorce the court finds from the evidence that the wife has been wilfully absent for more than three years and that the husband is entitled to a decree upon that ground, the court has jurisdiction under Section 5700, Revised Statutes, to adjudge to her such share of the husband's property as it deems just and reasonable, and if the parties thereupon agree that such division shall be made by adjudging that he shall pay to her a sum named every month during her life, and such agreement is carried into the decree, there is imposed upon him, and upon his estate in case of his death before hers, a valid obligation according to the terms of the decree.''

Reviewing courts do not reverse judgments of lower courts unless it clearly appears from the record that error has intervened to the prejudice of the complaining party, and this we do not find in the present case.

The court is unanimous in finding that the trial judge was authorized under the facts in this case in entering up the judgment he did, and this court, after a careful review of the evidence as contained in

the bill of exceptions, and an examination of the proceedings and judgment in the divorce case, is bound to and does find that no prejudicial error is apparent on the record, and that the judgment of the common pleas court should be affirmed.

*Judgment affirmed.*

SHIELDS and LEMERT, JJ., concur.