BOSKEN, APPELLANT, *v.* HOLTON, APPELLEE.

(No. 6308—Decided November 15, 1943.)

*Mr. David L. Shannon* and *Messrs. Ragland, Dixon & Murphy,* for appellant.
*Mr. Harry H. Shafer,* for appellee.

HILDEBRANT, J.  This is an appeal on questions of law from a decree of the Common Pleas Court, based upon the pleadings, testimony and exhibits, and which dismissed the petition in an action for injunction against the claimed violation of certain restrictions contained in the recorded plat and in the deeds to lot No. 61 of block E in an allotment of land made by plaintiff, known as Casa Loma Park.

Defendant's title was obtained by conveyance once removed from plaintiff-alloter, which described the premises as being the same premises conveyed to her grantor by plaintiff-alloter and subject to restrictions therein contained.  The restrictions as appearing in the recorded plat were copied into the deed from plaintiff-alloter to defendant's grantor.  The restrictions were as follows:

"Said premises shall be used for residential pur-

poses only and shall not be rented, leased, sold, transferred to any person other than of the Caucasian race. All buildings including porches shall be erected, placed and set back not less than thirty-five (35) feet from the front line. No temporary structure will be permitted on said premises for occupany nor shall any unsightly structures be thereon at any time nor any outbuildings except the customary garage. All plans are to be submitted to the grantor for his approval. All excess dirt if not used on the premises shall be removed by grantee to the nearest hollow in subdivision. Houses must be brick; or stone; or brick, stone and stucco. No frame or all stucco houses to be built at any price. Any lot transferred will have minimum width and area substantially as shown on plat, and only one principal building will be erected on any such lot. Grantee, his heirs, executors, administrators and assigns, upon the completion of the building upon said premises, agrees at his or their expense to build under the supervision of the county engineer of Hamilton county, Ohio, concrete sidewalks of standard width and thickness.''

The petition alleges in part:

''Now comes the plaintiff above named and for himself and on behalf of all other property owners of lots on Leona drive, in block E of Casa Loma Park subdivision of sections 7 and 13, township 2, fractional range 2, Green township, Hamilton county, Ohio, and which are subject to the building restrictions imposed by the agreements hereinafter stated * * *.''

Defendant moved onto the rear of her premises, from her former residence, a small, frame, neatly-constructed, painted building which was large enough to accommodate two sleeping cots and which was used by her on a physician's orders as sleeping quarters for health purposes. Plaintiff claims this to be a violation of the restrictions against ''any outbuildings except the customary garage.''

The answer contained two defenses: First, that plaintiff consented and permitted defendant to place such building on her land; and, second, that in a prior cause in the same court, wherein two lot owners in Casa Loma Park were plaintiffs, and defendant herein was defendant, an identical suit on behalf of the plaintiffs and all other property owners of lots therein, in which suit this plaintiff participated and was interested, was adjudicated against the plaintiffs and, therefore, is *res judicata* as to this proceeding. The petition in the former suit alleged in part as follows:

"Now come the plaintiffs above named and for themselves and in behalf of all other property owners of lots upon Ponce Land and Leona drive, and which are subject to the building restrictions imposed by the agreements hereinafter stated * * *."

Plaintiff herein was the main witness in the former suit and testified herein that he was interested in the outcome.

The court below found from the evidence that plaintiff's conduct amounted to a consent or waiver of the restrictions, and, no motion for new trial being filed herein, there is no question of the weight of the evidence involved. This court finds from the record that there was substantial evidence to justify the conclusion of the court below and hereby affirms the same.

The court also finds the second defense of *res judicata*, well taken. The two petitions are, in part, identical, showing a class suit. Plaintiff herein admitted an interest in the result, and active participation in the former suit. The former decree merely finds for defendant. No grounds being stated, it is presumed that such decree determined every question which might have been properly litigated in the case. *Quinn, Aud., v. State, ex rel. Leroy,* 118 Ohio St., 48, 160 N. E., 453, paragraph one of the syllabus.

23 Ohio Jurisprudence, 961, Section 730, states the doctrine of *res judicata,* as follows:

"Briefly stated, the doctrine of *res judicata* is that an existing final judgment or decree, rendered upon the merits, and without fraud or collusion, by a court of competent jurisdiction, is conclusive of rights, questions, and facts in issue, as to the parties or their privies, in all other actions or suits in the same or any other judicial tribunal of concurrent jurisdiction. The rule has been said to be well expressed as follows: 'The judgment of a court of concurrent jurisdiction directly upon the point is, as a plea in bar or as evidence, conclusive between the same parties, on the same matter, directly in question in another court. But neither the judgment of a court of concurrent or exclusive jurisdiction is evidence of any matter incidentally cognizable, nor of any matter to be inferred by argument from the judgment.' "

Plaintiff is a "privy" or was included as a party, within the meaning of the word as used in stating the doctrine. See 23 Ohio Jurisprudence, 1008 and 1013, Sections 793 and 796.

We, therefore, find from the record that plaintiff was so connected with the former decree by his interest as a lot owner, original alloter and common grantor in the chain of title to all parties, and by actively participating in the former suit, that he occupies the position of being in privity thereto sufficiently for the doctrine of *res judicata* to apply. See, also, the application of the doctrine in *Wright, Admr.,* v. *Schick,* 134 Ohio St., 193, 16 N. E. (2d), 321, 121 A. L. R., 882; *Gibson* v. *Solomon,* 136 Ohio St., 101, 23 N. E. (2d), 996, 125 A. L. R., 903. The decree is affirmed.

*Decree affirmed.*

Ross, P. J., and Matthews, J., concur.