### RIPPEL, Plaintiff-Appellant, v. RIPPEL et, Defendants-Appellees.

Ohio Appeals, Second District, Franklin County.

No. 4365.   Decided February 27, 1950.

Matthew L. Bigger, Columbus, for plaintiff-appellant.
Cowan & Adams, Columbus, for defendants-appellees.

### OPINION

By THE COURT.

This is an appeal on law from the judgment of the Com-

mon Pleas Court of Franklin County, Ohio, sustaining a demurrer to plaintiff's petition. The plaintiff electing not to plead further, the case was dismissed.

Plaintiff in her petition alleges facts which plaintiff contends show a good cause of action for vacating a judgment rendered by the Common Pleas Court of Franklin County, Ohio, in Case No. 170,753, which was affirmed on appeal by this Court. The opinion of this Court is reported under the title of **Rippel v. Rippel, 52 Abs 353, 82 N. E. (2d) 140,** to which reference is made for information as to the issues involved and the judgment of the Court.

In the instant case the demurrer to the petition was sutained on the ground that the judgment in Case No. 170,753 was res judicata. The defendant-appellee contends that the issue raised in Case No. 170,753 was between the same parties, involving the same subject matter and issues, and was before a court of competent jurisdiction. The plaintiff-appellant contends that in Case No. 170,753 incompetent evidence was admitted and that by reason thereof the judgment is void. This Court, in reviewing the judgment in that case, passed on this question and found the evidence to be admissible. We reaffirm our holding in that case. In that case the plaintiff-appellant herein was the defendant and claimed that she held a fee simple title in the land conveyed by her grantor who in the will of his deceased wife was given a life estate with power of sale. The deed recited a valuable consideration. This Court held that evidence was admissible to show that no consideration passed and that the conveyance was a deed of gift; that since the grantor had no power under the will to convey by deed of gift, his attempt to so convey failed to pass a fee simple title to the grantee and that the conveyance operated only to pass the life estate. Evidence was admitted for the purpose of showing that the grantor possessed no right or power to make a conveyance by deed of gift. The principle of law laid down in **Groves v. Groves, 65 Oh St 442, 62 N. E. 1044,** to the effect that "Where the consideration expressed in the deed of conveyance is a valuable one, the title comes by purchase and it is not competent to show by parol that in fact the title came by deed of gift, and thereby changed the line of descent," is not applicable in this case. The grantor attempted to convey an estate in land which he did not own and had no power to convey by deed of gift under the terms of the will. In the case at bar, there is no question raised relative to the line of descent. Assuming, without conceding, that such evidence was inadmissible the admission of such evidence did not deprive the Com-

mon Pleas Court of jurisdiction or render it incompetent to decide the issues involved. Whether a court, in any given case, is a court of competent jurisdiction, is not determined on the basis of the admission of competent or incompetent evidence.

In the case at bar, the plaintiff-appellant contends that if the judgment cannot be set aside she is entitled to be subrogated to the rights of the mortgagee for money which she paid on the mortgage existing on said property and should be accorded the benefits of the occupying claimant law under the provisions of §11907 GC, et seq. Her right to subrogation and benefits under the occupying claimant law could have been set up in the former action. This she failed to do. The plaintiff in her petition herein alleges "that all the facts alleged herein were before the court at the time of trial and the entering of the judgment herein alleged." This allegation refers to the trial and judgment in case No. 170,753. All issues raised herein might properly have been litigated in the former action. The rule applicable to the situation presented is well stated in **Quinn v. State, ex rel. LeRoy, 118 Oh St 48**, 160 N. E. 453, and in our opinion is determinative of the question involved. The first paragraph of the syllabus in that case is as follows:

"Material facts or questions which were in issue in a former suit and were there judicially determined by a court of competent jurisdiction are conclusively settled by the judgment therein so far as concerns the parties to that action and person in privity with them and cannot be again litigated in any future action between the same parties or privies, and **this rule also applies not only to what was determined but also as to every other question which might properly have been litigated in the case. (Hixon v. Ogg, 53 Oh St, 361,** 42 N. E., 32, and **Strangward v. American Brass Bedstead Co., 82 Oh St, 121**, 91 N. E. 988, followed and approved.)" (Emphasis ours.)

Finding no error in the record prejudicial to the rights of the appellant the judgment is affirmed.

MILLER, PJ, HORNBECK and WISEMAN, JJ, concur.