Taft, J.,
 

 concurring. Defendant’s plea in bar apparently alleges that the act of defendant, which the state claims to have been the proximate cause of the death of Batori, is the same act which was the proximate cause of the death of Police. In argument, the prosecutor conceded that defendant’s plea so alleges and that the state’s demurrer to the plea so admits.
 

 Obviously, if that act was admittedly the proximate cause of the death of Police, the judgment of acquittal in the Police case would necessarily rest upon a determination that that act was a lawful act.
 

 Also, it is obvious that, if that act was a lawful act, then the defendant cannot be convicted under this statute for killing Batori.
 

 This raises the question as to whether the judgment of acquittal against the state and in favor of this defendant in the Police case bars the state from contend
 
 *544
 
 ing in the Batori case that that act was unlawful. If it does, that judgment would necessarily prevent the stale from convicting the defendant in the instant case.
 

 It is well settled that, in civil actions, where a judgment in an action between two parties necessarily de1 ermines a question in dispute between those parties, one of the parties to the action in which such judgment was rendered may not in a subsequent action against the other party contend for a different determination of that same question.
 
 Ross, an Infant,
 
 v.
 
 Stricker,
 
 153 Ohio St., 153, 91 N. E. (2d), 18;
 
 Hixon
 
 v.
 
 Ogg,
 
 53 Ohio St., 361, 42 N. E., 32:
 
 Gibson
 
 v.
 
 Solomon,
 
 136 Ohio St., 101, 23 N. E. (2d), 996, 125 A. L. R., 903;
 
 Norwood
 
 v.
 
 McDonald et al., Admrs.,
 
 142 Ohio St., 299, 52 N. E. (2d), 67;
 
 Conold
 
 v.
 
 Stern,
 
 138 Ohio St., 352, 35 N. E. (2d), 133, 137 A. L. R., 1003;
 
 Quinn, Aud.,
 
 v.
 
 State, ex rel. Leroy,
 
 118 Ohio St., 48, 160 N. E., 453. It is said that the judgment acts as an estoppel with regard to the question so determined. There may be such an “estoppel by judgment” even where the so-called doctrine of
 
 res judicata
 
 cannot be invoked.
 
 Norwood
 
 v.
 
 McDonald, supra,
 
 at 306, 307;
 
 Conold
 
 v.
 
 Stern, supra,
 
 at 362, 363;
 
 Hixon
 
 v.
 
 Ogg, supra,
 
 at 367, 368.
 

 In arguing the instant case, the position of defendant was well summarized by the statement in his brief that “the whole question here to be determined is whether or not there are one or two offenses committed. ’ ’
 

 Section 12223-21, General Code, provides in part: “ * * * Errors not argued by brief may be disregarded, but the court, in its discretion, may consider and decide errors which are not assigned or specified * * *. All errors assigned shall be passed upon by the court * * *.”
 

 Defendant did not argue in his brief or otherwise
 
 *545
 
 that the judgment of acquittal in favor of defendant and against the state in the Police case would estop the state from contending in this later case that the act of defendant, which admittedly was the proximate cause of Batori’s death, was an unlawful act. Also that question was not considered by either the Common Pleas Court or the Court of Appeals.
 

 The interest of this court in that question had been suggested- by inquiries made at the hearing on the motions for leave to appeal and to dismiss the appeal as of right. That interest was emphasized by the rulings of this court dismissing the appeal of right and allowing the motion for leave to appeal.
 

 Defendant may well have failed to argue that question because there are valid reasons for not applying the so-called doctrine of estoppel by judgment against the state in a criminal proceeding. Therefore, I concur in the apparent decision of the majority that they should not exercise their discretion to consider that question in the instant case, especially since this decision will not prevent a full consideration of that question if it is properly raised and argued in some later case.
 
 Fouts
 
 v.
 
 State,
 
 8 Ohio St., 98,
 
 123; Milwaukee Mechanics’ Ins. Co.
 
 v.
 
 Russell,
 
 65 Ohio St., 230, 257, 62 N. E., 338, 56 L. R. A., 159;
 
 State
 
 v.
 
 Pugh,
 
 43 Ohio St., 98, 123, 123, 1 N. E., 439.