Weygandt, C. J.
As already noted, the collision involved three vehicles — a passenger automobile and two trucks.
The passenger automobile was being driven in a westerly direction on the highway. Both trucks were going east. Shupe was driving the truck owned by the Standard Oil Company. The truck driven by Earley was owned by the Kopp Clay Company, and it was proceeding behind the other truck. Earley decided to pass to the left of the Standard Oil Company truck driven by Shupe. As this was attempted the clay company truck collided with the passenger automobile going in the opposite direction, but the oil company truck was not hit.
The plaintiff alleged that both drivers were operating the trucks within the scope of their employment. The oil company admitted this as to its driver, Shupe, but the lower courts found no evidence of negligence on the part of Shupe or the oil company. This court concurs in this conclusion. Hence, the lower courts were not in error in rendering final judgment for the driver, Shupe, in this case.
This is in conformity with the following unanimous holding of this court in the first paragraph of the syllabus in the case of Quinn, Aud., v. State, ex rel. Leroy, 118 Ohio St., 48:
“Material facts or questions which were in issue in a former suit and were there judicially determined by a court of competent jurisdiction are conclusively settled by the judgment therein so far as concerns the parties to that action and persons in privity with them and cannot be again litigated in any future action between the same parties or privies, and this rule also applies not only to what was determined but also as to every other question which might properly have been litigated in the case. *523 (Hixon v. Ogg, 53 Ohio St., 361, 42 N. E., 32, and Strangward v. American Brass Bedstead Co., 82 Ohio St., 121, 91 N. E., 988, followed and approved.) ”
However, the Court of Appeals reached a different conclusion concerning the other driver, Earley.
The reason for this was the fact that the truck driven by him was shown to be owned by two companies one of which was not a party to the action. The driver testified that at the time of the collision he was not then in the employ of the defendant Kopp Clay Company. Hence, there was no privity at that time between that company and the driver and the latter was not entitled to the benefit of the adjudication in the case against the company. The Court of Appeals was not in error in remanding the cause for trial against Earley.
The judgment of the Court of Appeals is affirmed.

Judgment affirmed.

Zimmerman, Matthias, Bell, Collier and O’Neill, JJ., concur.