Taft, J.,
concurring. The syllabus, which represents a quotation from the syllabus of Quinn, Aud., v. State, ex rel. Leroy (1928), 118 Ohio St., 48, 160 N. E., 453, can apply to the facts of the instant case only if ive conclude that a servant is “in privity with” his employer so as to be bound by a judgment rendered in an action brought against the employer for damages claimed to have been caused by the negligence of the servant in operating a motor vehicle on the employer’s business.
Admittedly, the servant, Shupe, was not a party to the action brought against his employer, Standard Oil. See French, Admr., v. Central Construction Co. (1907), 76 Ohio St., 509, 81 N. E., 751, 12 L. R. A. (N. S.), 669 (holding that he would not be a proper party to such an action in this state). See also Losito v. Kruse, Jr. (1940), 136 Ohio St., 183, 187, 24 N. E. (2d), 705, 126 A. L. R., 1194.
Most of the cases hold that there is no such privity between a servant and his employer in such an instance. See annotations, 31 A. L. R., 194; 133 A. L. R., 181, 182, 196; 23 A. L. R. (2d), 710, 731; 30A American Jurisprudence, 480, Section 429.
By basing our decision in the instant case upon the con *524 elusion that there is such privity, we will establish a precedent that will necessarily lead to questionable results in future cases similar to those hereinafter referred to. This can be avoided by basing our decision in the instant case upon the different reasons which have usually been given by other courts for a decision such as that which we are making in the instant case.
Thus, it was held in Pesce v. Brecher (1939), 302 Mass., 211, 19 N. E. (2d), 36, that a judgment for the plaintiff against the employer in such an action, although necessarily based upon a determination of negligence of the servant and no negligence of the plaintiff, would not bar an action by the servant to recover on account of his injuries received in the same accident and claimed to have been caused by the negligence of that plaintiff. In the opinion by Qua, J., it is stated at pages 212, 213:
“The former adjudication was not a defense to this action. It is elementary and fundamental that every individual is entitled to his own day in court in which to assert his own rights or to defend against their infringement. The present plaintiff was not a party to the former action. He is not in privity with any party in the sense that his rights are derived from one who was a party. His cause of action is and always has been his own. It is in no way derived from his employer, who was a party. The relation of employer and employee, in and of itself, does not confer upon the employer any power to represent or to bind the employee in litigation. That the plaintiff testified as a witness in the former action is immaterial. He had no control over the conduct of the trial. He could not cross-examine opposing witnesses. The essential elements of an estoppel by judgment are lacking * * *.
“This case is readily distinguished from Giedrewicz v. Donovan, 277 Mass., 563, 179 N. E., 246 [holding judgment for employer, as in the instant case, bar to action against servant]. There the plaintiff had already had a complete trial of his own case under his own management and sought a second opportunity to prove the same facts which he had failed to prove the first' time. Here the plaintiff had no previous opportunity to prove his case.”
Also, in Elder v. New York and Pennsylvania Motor Express, Inc. (1940), 284 N. Y., 350, 31 N. E. (2d), 188, 133 A. L. R., 176, where the employer had recovered a judgment for dam *525 ages to his vehicle against the operator of another vehicle, which judgment would necessarily have been based upon a determination of negligence of such other operator and no negligence of the driver of that employer, the driver was not permitted to rely upon that judgment in his action against such other operator to recover for injuries received in the same accident.
In Bernhard, Admx., v. Bank of America National Trust & Savings Assn. (1912), 19 Cal. (2d), 807, 122 P. (2d), 892, it is said in the opinion by Traynor, J., at pages 812 and 813:
“Thus, if a plaintiff sues a servant for injuries caused by the servant’s alleged negligence within the scope of his employment, a judgment against the plaintiff on the grounds that the servant was not negligent can be pleaded by the master as res judicata if he is subsequently sued by the same plaintiff for the same injuries. Conversely, if the plaintiff first sues the master, a judgment against the plaintiff on the grounds that the servant was not negligent can be pleaded by the servant as res judicata if he is subsequently sued by the plaintiff. In each of these situations the party asserting the plea of res judicata was not a party to the previous action nor in privity with such a party * * *. Likewise, the estoppel is not mutual since the party asserting the plea, not having been a party or in privity with a party to the former action, would not have been bound by it had it been decided the other way. The cases justify this exception on the ground that it would be unjust to permit one who has had his day in court to reopen identical issues by merely switching adversaries.” (Emphasis added.)
Collier, J., of the Fourth Appellate District, sitting by designation in the place and stead of Herbert, J.