787 F.2d 589
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
CHARLES W. EWING, Plaintiff-Appellant,
v.
HUNTINGTON NATIONAL BANK, et al., Defendants-Appellees.
 85-3085
 United States Court of Appeals, Sixth Circuit.
 3/20/86
 
 VACATED AND REMANDED
 S.D.Ohio
 ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF OHIO
 Before: ENGEL, MILBURN and RYAN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Plaintiff Charles Ewing appeals from the dismissal of his 42 U.S.C. Sec. 1983 claim against the Small Business Administration (SBA). Because the District Court's decision was based on the collateral estoppel effect of a prior state court judgment, and that judgment has been reversed on appeal in the state court of appeals, we vacate the judgment of the District Court and remand for further proceedings.
 
 
 2
 On June 21, 1977, Ewing obtained a $200,000 loan from the Huntington National Bank (HNB) which was guaranteed by the SBA. When Ewing failed to make certain payments on the loan, HNB foreclosed on the note. SBA took assignment of the note, placed the account on liquidation status, and reassigned the note to HNB for liquidation. HNB filed a replevin action in the Court of Common Pleas for Franklin County, Ohio. A writ of replevin was issued, and on October 2, 1980, the bank filed an amended claim seeking a deficiency judgment. On April 18, 1983, a jury verdict was returned in favor of the bank, and the trial court directed a verdict against Ewing on all counterclaims. On March 12, 1985, this decision was reversed by the Court of Appeals for Franklin County, Ohio, which ordered a new trial.
 
 
 3
 Ewing filed this 1983 action against HNB and the SBA on April 8, 1983, prior to the state court trial.[1] The District Court granted HNB's motion for summary judgment, and SBA's motion to dismissed based on the preclusive effect of the state court judgment. Although the SBA was not a party to the state court action, the District Court found Ewing's allegations against the SBA 'inextricably intertwined' with his allegations related to HNB. Citing Gambocz v. Yelencsics, 468 F.2d 837 (3d Cir. 1972), the District Court found Ewing's claims against the SBA barred by the doctrines of res judicata and collateral estoppel.
 
 
 4
 After the judgment of the District Court was entered, the Court of Appeals for Franklin County overturned the state trial court's decision, and ordered a new trial. Under Ohio law, a judgment loses all preclusive effect when it is set aside or reversed on appeal. Quinn v. Staid, 118 Ohio St. 48, 160 N.E. 453, 455 (1928); Duncan v. Peck, 752 F.2d 1135, 1139 (6th Cir. 1985). Consequently, the basis on which the dismissal was granted in this case is no longer operative. We therefore vacate the judgment of the District Court and remand this case for further proceedings. We decline to address the validity of the merits of Ewing's claim against the SBA.
 
 
 
 [1]
 Ewing now indicates that he will move for dismissal of his claims against Huntington National Bank, as those claims will now be litigated in state court. He seeks to maintain his claim against the SBA