Zimmerman, J.
 

 The vital question for determination is whether Lucy Haines Gibson is precluded from litigating the issue of negligence in the present case by reason of the adjudication on that matter in the former action.
 

 In discussing the subject of
 
 res judicata,
 
 the Supreme Court of • South Dakota said, in the case of
 
 Keith
 
 v.
 
 Wiliers Truck Service,
 
 64 S. D., 274, 276, 266 N. W., 256, 257:
 

 “The general principles, applied in numerous decisions, may be stated as follows: First, a final judgment or decree of a court of competent jurisdiction upon the merits is a bar to any future action between the same parties or their privies upon the same cause of action so long as it remains unreversed; and, second, a point which was actually and directly in issue in a former action and was there judicially passed upon and determined by a domestic court of competent jurisdiction cannot be drawn in question in any future action between the same parties or their privies whether the cause of action in the two actions be identical or different. Black on Judgments (2 Ed.), Vol. 2, Section 504. Under the first rule the
 
 res
 
 which is
 
 judicata
 
 is the cause of action. Under the second, the
 
 res
 
 which may be
 
 judicata
 
 is the particular issue of. fact common to both actions. * *
 

 Speaking along the same line, this court laid down the following rule in the syllabus of
 
 Hixson
 
 v.
 
 Ogg, 53
 
 Ohio St., 361, 42 N. E., 32:
 

 “Where issue has been joined on a material fact in an action, and the issue judicially determined and carried into judgment by a court having jurisdiction of
 
 *104
 
 the action, the parties to such action are concluded by such finding until the judgment is reversed or set aside. And the fact thus established cannot be retried by the same parties in any subsequent action, whether the second action is upon the same or a different subject-matter from the first. In this respect it is immaterial that one of the actions may have been
 
 ex contractu
 
 and the other
 
 ex delicto.”
 

 Compare,
 
 Quinn, Aud.,
 
 v.
 
 State, ex rel. Leroy,
 
 118 Ohio St., 48, 160 N. E., 453;
 
 Wright, Admr.,
 
 v.
 
 Schick,
 
 134 Ohio St., 193, 16 N. E. (2d), 321, 121 A. L. R., 882.
 

 Although involving the same automobile collision, the cause of action in the instant case is different from that in the former case. However, the controlling factor of negligence is common to both. In the first action, the question of negligence as it related to both Lucy Haines Gibson and R. W. Solomon was squarely raised and fully litigated. By its verdict the jury found her to have been negligent and him to have been contributorily negligent, and judgment followed the verdict accordingly. It would therefore seem apparent that the question of negligence is
 
 res judicata,
 
 but the important inquiry yet remains as to whether there is an identity of parties in the two actions.
 

 It is well settled that a former judgment does not have the effect of
 
 res judicata
 
 and is not conclusive of a material fact adjudicated unless the second action is not only between the same parties, but also between them in the same capacity or character. 23 Ohio Jurisprudence, 1010
 
 et seq.,
 
 Section 794
 
 et seq.;
 
 15 Ruling Case Law, 1012, Section 486.
 

 Section 10509-167, General Code, recites in part:
 

 “An action for wrongful death must be- brought in the name of the personal representative of the deceased person, but shall be for the exclusive benefit of the surviving spouse, the children and other next of kin of the decedent. * * *”
 

 
 *105
 
 From the context of the statute it is plain that the personal representative in whose name a wrongful death action is brought does not act as a representative of the decedent’s estate, but sues in the capacity of a trustee on behalf of the particular persons designated as beneficiaries. He is really only a nominal party, having no interest in the action for himself or for the estate for which he is acting. 13 Ohio Jurisprudence, 553, Section 202.
 

 Compensation to the beneficiaries denominated is the purpose of the statute. The action being for their “exclusive benefit” they have consequently been referred to as the real parties in interest. 13 Ohio Jurisprudence, 431, Section 77;
 
 Douglas, Admx.,
 
 v.
 
 Daniels Bros. Coal Co.,
 
 135 Ohio St., 641, 647, 22 N. E. (2d), 195, 198.
 

 The comparatively recent case of
 
 Chicago, R. I. & P. Ry. Co.
 
 v.
 
 Schendel, Admr.,
 
 270 U. S., 611, 70 L. Ed., 757, 46 S. Ct., 420, 53 A. L. R., 1265, presents a situation wherein a railroad employee named Hope, residing in Iowa, was killed in a train collision occurring in that state. His widow, as sole beneficiary, became an involuntary party to a proceeding instituted by the railway company under the Iowa Workmen’s Compensation Act and was granted an award by the commissioner on account of her husband’s death. An appeal by the widow to an Iowa district court resulted in a final judgment affirming the award.
 

 An action was commenced against the railway company in a district court of Minnesota by one Schendel as administrator of Hope, deceased, for the benefit of the widow under the Federal Employers’ Liability Act, in which a recovery for Hope’s death was sanctioned, despite the compensation award in Iowa. Such recovery was upheld by the Supreme Court of Minnesota.
 
 Schendel, Admr.,
 
 v.
 
 Chicago, R. I. & P. Ry. Co.,
 
 163 Minn., 460, 204 N. W., 552.
 

 
 *106
 
 Reversing the judgment of the high court of Minnesota and holding that the widow appeared in an identical character in both the Iowa and Minnesota cases, the United States Supreme Court said in part:
 

 “In the Iowa proceeding, the widow of the deceased was a party in her own right and clearly was bound by the judgment. The action in Minnesota, however, "was brought by the administrator, and the state supreme court
 
 * * *
 
 held that there was a want of identity of parties. * * * The fact that the party impleaded, under the state law, was the widow, and, under the federal law, was the personal representative, does not settle the question of identity of parties. That must be determined as a matter of substance and not of mere form. The essential consideration is that it is the right of the widow, and of no one else, which was presented and adjudicated in both courts. # * *
 

 “Since the statutory authority of the administrator is to sue, not in his own right or for his own benefit or that of the estate, but in the right and for the sole benefit of the widow, the same principles are applicable, in accordance with the general rule that ‘whenever an action may properly be maintained or defended by a trustee in his representative capacity without joining the beneficiary, the latter is necessarily bound by the judgment. ’ 1 Freeman on Judgments (5 Ed.), Section 500. Identity of parties is not a mere matter of form, but of substance. Parties nominally the same may be in legal effect different (Bigelow on Estoppel [6 Ed.],
 
 145);
 
 and parties nominally different may be, in legal effect, the same. .* * # ”
 

 Reaching the same conclusion as to the identity in character of a party appearing individually in one case and by representation in another, it was held in
 
 Keith
 
 v.
 
 Witters Truck Service, supra
 
 (64 S. D., 274, 266 N. W., 256), that a judgment in an action for per
 
 *107
 
 sonal injuries sustained by the plaintiff in an automobile collision which determined the issue of the defendant’s negligence against the plaintiff operated as
 
 res judicata
 
 as to the issue of negligence in a later action brought for the death of plaintiff’s wife resulting from injuries received in the same collision, where plaintiff sued as administrator and it was shown that he was the sole beneficiary.
 

 See, also,
 
 St. Louis-S. F. Ry. Co.
 
 v.
 
 Stuckwish, Admx.,
 
 137 Okla., 251, 279 P., 683.
 

 The three cases last cited take cognizance of the long established rule that courts will look beyond the nominal party whose name appears formally upon the record and will treat as the real party him whose interests are involved in the litigation — one responsible for instituting an action and who actively participates in its prosecution.
 
 Code
 
 v.
 
 Favorite,
 
 69 Ill., 457;
 
 Peterson
 
 v.
 
 Lothrop,
 
 34 Pa. (10 Casey), 223;
 
 Quinn, Aud.,
 
 v.
 
 State, ex rel. Leroy, supra
 
 (118 Ohio St., 53, 160 N. E., 455), quoting from 15 Ruling Case Law, 1009, Section 483; 1 Freeman on Judgments (5 Ed.), 939, Section 432.
 

 Upon authority of . the
 
 Schendel, Keith
 
 and
 
 Stuck-wish
 
 decisions it is clear that R. W. Solomon is the identical person in the present action as he was in the former — the real party in interest in both. He could not relitigate the decisive question of negligence in any action he might bring personally against Lucy Haines Gibson for injuries sustained in the automobile collision, because of the outcome in the prior case. Is she likewise precluded? Since her negligence was also established in the previous action, to which she and R. W. Solomon were parties, the rule asserts itself that estoppels operate mutually; both the litigants are similarly concluded. 1 Freeman on Judgments (5 Ed.), 929, Section 428.
 

 
 *108
 
 Counsel for Mrs. Gibson in their brief cite and comment on the cases of
 
 Mahoning Valley Ry. Co.
 
 v.
 
 Van Alstine, Admr.,
 
 77 Ohio St., 395, 83 N. E., 601, 14 L. R. A. (N. S.), 893, and
 
 May Coal Co.
 
 v.
 
 Robinette, Admr.,
 
 120 Ohio St., 110, 165 N. E., 576, 64 A. L. R., 441.
 

 The effect of these holdings is that under the so-called wrongful death act (now Section 10509-166
 
 et seq.,
 
 General Code) and the so-called survivor statute. (Section 11235, General Code), two separate and distinct rights of action are afforded — one to the personal-representative of the decedent
 
 for the exclusive benefit of the designated next of Jem,
 
 by reason of the pecuniary loss suffered by them on account of the death, and the other to the personal representative
 
 for the benefit of the estate generally,
 
 by reason of the injuries and their concomitants for which the deceased would have had a cause of action; hence the two actions, although prosecuted by the same personal representative, are not in the same right, and a judgment in one action for either the plaintiff or defendant is not a bar to the prosecution of the other.
 

 In the first instance the personal representative sues in one right as the nominal party plaintiff for the sole advantage of the denominated next of kin; in the second he sues in a different right, on a different basis and in a more substantial role, in the interests of the estate, whereby any amount' recovered may be applied to the payment of creditors and may also be to the profit of others who do not answer the description of next of kin. In each case the personal representative assumes a different character. The interests represented in the one action may be entirely foreign to those represented in the other. We believe, therefore, that the
 
 Van Alstine
 
 and
 
 Robinette cases
 
 are distinguishable from the one before us.
 

 
 *109
 
 Being of opinion that the judgment of the Court of Appeals is correct, it is affirmed.
 

 Judgment affirmed.
 

 Weygandt, C..J., Williams, Myers, Matthias and Hart, JJ., concur.
 

 Day, J., concurs in paragraph one of the syllabus but dissents from paragraph two and from the judgment.