Hart, J.
 

 Throughout this opinion, for convenience, we shall designate the parties as they appeared in the trial court.
 

 The real question presented on this appeal is whether the defendant may prosecute an appeal from a judgment in the trial court in favor of the plaintiff and against the defendant on his cross-petition, where in the same action arising out of the same transaction a judgment in the trial court in favor of the plaintiff and against the defendant on plaintiff’s petition, determining negligence on the part of the defendant and freedom from negligence on the part of the plaintiff (which issues of fact must be conversely determined to enable the defendant to maintain his cross-petition), has become final and satisfied by payment by defendant’s insurer, even though such satisfaction was without the defendant’s participation and consent.
 

 Plaintiff claims that since the defendant accepted and now enjoys the benefits of the satisfaction of plaintiff’s judgment against him, defendant is estopped to further prosecute his action on his cross-petition against the plaintiff. This court is of the opinion that there is a more vital question involved, affecting the rights of the parties, depending upon whether the
 
 *157
 
 judgment in favor of the plaintiff and against the defendant on plaintiff’s petition became and remained a final judgment in the trial court.
 

 The judgment on both the petition and cross-petition in favor of the plaintiff was entered on December 31, 1947. This judgment was paid and satisfied under the circumstances hereinbefore recited. The defendant in his notice of appeal specifically stated that he was appealing “from the judgment heretofore entered herein in favor of the plaintiff and against the defendant upon the defendant’s cross-petition * *
 

 In the brief of defendant, filed in the Court of Appeals, he said: ‘ ‘ The defendant filed his notice of appeal on questions of law from the order of the Common Pleas Court overruling his motion for a new trial. As is shown in the bill of exceptions by the supplemental proceedings after trial, and also the corrected entry of satisfaction, the Auto-Owners Insurance Company of Lansing, Michigan, satisfied the judgment against the defendant, as his liability insurer. Therefore, this appeal
 
 is confined to the errors in so far as they are prejudicial to the defendant Strieker in his cross-petition
 
 for recovery of damages for the injuries he sustained.” (Italics supplied.)
 

 The entry of reversal approved by the Court of Appeals recites that the court “finds that there was error committed by the Common Pleas Court * * # prejudicial to the appellant [defendant] in admitting the testimony of a witness * * # called to testify on behalf of the appellee [plaintiff], respecting his opinion as to the place of the collision of the appellant’s and appellee’s respective automobiles,” and concludes by stating that “the judgment of the Common Pleas Court * * * be and'the same hereby is reversed # * without more specifically describing the judgment referred to.
 

 However, the opinion of the Court of Appeals fair
 
 *158
 
 ly reveals that it was considering only the judgment against the defendant on his cross-petition.- In the course of its opinion the Court of Appeals said:
 

 “The defendant was not a party to that settlement and while it prevents the plaintiff from asserting any further action against the defendant, it had no effect upon the defendant’s cross-action against the plain-tiff or upon the plaintiff alleging in his answer and proving at any subsequent trial the facts set forth in his petition.
 

 “We conclude that the trial court did not err in setting aside the entry of satisfaction and that the record does not show a settlement or satisfaction of the defendant’s cause of action, that his cross-action has not become moot and that the settlement by Auto-Owners Insurance Company of the plaintiff’s cause of action is no bar to the prosecution of this appeal by the defendant. We, therefore, turn to a consideration of the record to determine whether any substantial error to defendant’s prejudice intervened in the trial of the issues raised by defendant’s cross-petition and the plaintiff’s answer thereto.”
 

 To summarize:
 

 There was a judgment against the defendant in the trial court in favor of the plaintiff. That judgment was satisfied. Clearly, it was not set aside. The defendant disclaimed entering into any agreement, with the plaintiff to settle plaintiff’s claim against him aside from the operation of the payment of the judgment. On the other hand, the defendant had no interest in having that judgment opened up or set aside, the satisfaction of which protected him from further liability to the plaintiff. The defendant sought only to disentangle and save his cause of action as set out in his cross-petition from being merged in that judgment. To that end, he sought a modification of the entry of satisfaction, not to disturb the judgment it
 
 *159
 
 self, but only to show that he did not consent to its payment. The defendant appealed his case to the Court of Appeals but only as to the judgment against him on the cross-petition. The scope of the appeal was determined by the description and designation of the judgment appealed from in the notice of appeal. That notice disclosed that the defendant appealed only from the judgment against him in favor of- the plaintiff on the cross-petition.
 

 It is the opinion of this court, based upon a review of the whole record, that the judgment for the plaintiff against the defendant on plaintiff’s petition, resolving the issues in that cause of action in favor of the plaintiff, became final in the trial court, and that that judgment was never set aside or appealed.
 

 What then are the legal consequences following such a determination? The defendant, before suit was brought or while suit was pending, did not attempt to make settlement with the plaintiff based upon a covenant on the part of the plaintiff not to sue the defendant, or with a reservation of defendant’s rights on his cross-petition. When judgment was rendered in favor of the plaintiff against the defendant- on plaintiff’s petition and that judgment became final, it determined for all time that the defendant was guilty of negligence and the plaintiff was not. These were issuable facts determined by the jury and, by the court, carried into the original judgment. It is true that these facts were found in connection with another cause of action from that asserted by the defendant in his cross-action, but they were found in the same litigation between the same parties growing out of the same transaction. These crucial issues of fact — absence of negligence on the part of the plaintiff and negligence on the part of the defendant — so found against the defendant estops him from relitigating them in his cause of action.
 

 
 *160
 
 The law is clear. This court in the early case of
 
 Hixon
 
 v.
 
 Ogg,
 
 53 Ohio St., 361, 42 N. E., 32, held:
 

 “Where issue has been joined on a material fact in an action, and the issue judicially determined and carried into judgment by a court having jurisdiction of the action, the parties to such action are concluded by such finding until the judgment is reversed or set aside. And the fact thus established cannot be retried by the same parties in any subsequent action, whether the second action is upon the same or a different subject-matter from the first.” To the same effect see
 
 Gibson
 
 v.
 
 Solomon,
 
 136 Ohio St., 101, 23 N. E. (2d), 996, 125 A. L. R., 903;
 
 Norwood
 
 v.
 
 McDonald et al., Admrs.,
 
 142 Ohio St., 299, 52 N. E. (2d), 67.
 

 As we have reached this conclusion, it will be unnecessary for us to pass upon other assigned errors. The judgment of the Court of Appeals is reversed and final judgment is awarded to the plaintiff on the cross-petition of the defendant.
 

 Judgment reversed.
 

 Weygandt, C. J., Matthias, Zimmerman, Turner and Taft, JJ., concur.
 

 Stewart, J., not participating.