Taft, J.
The Probate Court contends that our decisions in In re Estate of Wright, 165 Ohio St., 15, 133 N. E. (2d), 350, and Cleveland Bar Association v. Pleasant, ante, 325, require an affirmance of the judgment of the Court of Appeals in the instant case.
In the administration of a decedent’s estate, the Probate Court acts not only in a judicial but in an administrative capacity. In administering the Wright estate as administrator, Pleasant in the foregoing two cases was acting for the Probate Court in the performance of its administrative duties. The court had a duty to have and thus an interest in having the estate distributed to the rightful heirs of the decedent William A. Wright and also a duty to have and an interest in having no partiality toward any one of the several who claimed to be such. On the other hand, the first cousin Wright, in claiming that he was the sole heir to that estate, would necessarily be opposing all others who claimed to be heirs. Thus, it is apparent that such a partisan interest of that first cousin Wright conflicted with the duty of the court to have and its interest in having no partiality toward any of the several who claimed to be heirs; and that therefore Pleasant, as an attorney in representing both of those interests, was representing conflicting interests. *539 Also, in accepting compensation from the first cousin Wright, Pleasant did “accept * # * compensation in connection with * * * business” of the Probate Court (in administering the estate of William A. Wright) from someone other than that court and without the court’s “knowledge and approval.” See Buie XIY, Section 15, Buies of Practice of Supreme Court.
However, there was no representation of conflicting interests in the instant case. Furthermore, it is doubtful whether the Probate Court acts in an administrative capacity in connection with enforcement of a wrongful-death claim, as it may in otherwise administering a decedent’s estate. The administrator of an estate, in enforcing such a claim, really acts in a representative capacity for the next of kin of the decedent and hence as their agent rather than as an agent of the Probate Court. See Gibson v. Solomon, 136 Ohio St., 101, 23 N. E. (2d), 996, 125 A. L. R., 903. Thus, when Zychick accepted compensation from the adult next of Irin of decedent for his services in representing the executrix in enforcing the wrongful-death claim, he was accepting compensation in connection with the business of those next of kin and not in connection with the business of the Probate Court. Therefore we do not believe that our decisions in the Wright and Pleasant eases are of much help in deciding the instant case.
Section 2125.03, Bevised Code, provides:
“The amount received by a personal representative in an action for wrongful death under Sections 2125.01 and 2125.02 of the Bevised Code, whether by settlement or otherwise, shall be distributed to the beneficiaries or any one or more of them, and unless the share of each is adjusted among themselves, the court making the appointment shall adjust such share in such manner as is equitable, having due regard to the pecuniary injury to each beneficiary resulting from such death and to the age and condition of such beneficiaries. In making such distribution, the court may also consider funeral expenses and other items of expense incurred by reason of the death.”
Although it is not necessary to so decide in the instant case and we therefore express no opinion thereon, it may be, as appellant contends, that, since the adult beneficiaries of a wrongful-death claim are able to adjust among themselves the share that each is to receive, it is no concern of the Probate Court *540 what fee is paid by them to the attorney who represented the personal representative in the enforcement of that claim.
However, Rules 24 and 25 of the Probate Court of Cuyahoga County by their words require that, wherever a settlement of a wrongful-death claim is made, the court shall be advised as to the arrangement for and shall review counsel fees. A reading of Rule 26 (d) of that court, especially in the light of its heading, indicates it does not in any way modify the provisions of Rules 24 and 25.
We are not concerned in this case with the validity or invalidity of any part of those rules and express no opinion with respect thereto. Assuming however, as appellant contends, that they are invalid, Zychick did not seek to avoid their effect in a proper manner, as by contending that they are invalid. Instead, he apparently sought to avoid their effect by stating to the court facts with respect to his attorney fees that indicated compliance with those rules at a time when he knew the facts were other than as so stated, and when he knew that the actual facts indicated noncompliance with those rules;
Zychick further argues that, since the payments in addition to the $525 allowed by the Probate Court were made to him after the executrix swore to the facts set forth in the report of distribution so that the facts therein were true when sworn to, that report did not misrepresent facts. However, the report was admittedly not filed in the Probate Court until after the additional payments had been made to Zychick. Zychick filed the report as attorney and he knew at the time of filing that the facts had changed since the report had been sworn to. In effect, therefore, he, by his conduct when he filed that report, misrepresented the facts as to the amount of his fees. Such a misrepresentation could be, as it was, regarded by the Probate Court as a contempt of that court.

Judgment affirmed.

Weygandt, C. J., Zimmerman, Stewart, Matthias, Bell and Herbert, JJ., concur.