BRINKMAN, A MINOR, APPELLANT, *v.* THE BALTIMORE & OHIO RAILROAD CO. ET AL., APPELLEES.

(No. 2565—Decided February 26, 1960.)

*Mr. James C. Baggott* and *Mr. Norman E. Routzohn*, for appellant.

*Messrs. Marshall & Smith* and *Messrs. Altick & McDaniel*, for appellees.

WISEMAN, P. J. This is an appeal on questions of law from the judgment of the Common Pleas Court of Montgomery County sustaining defendant's motion for judgment on the pleadings.

This is an action brought by Norma Jean Brinkman, a minor, by her next friend, to recover damages for personal injuries sustained when an automobile in which she and her mother were passengers was struck at a crossing by a train operated by the defendant company. The mother was killed. An action for wrongful death was brought by the administrator of the mother's estate. In that action, a verdict was returned in favor of the defendant.

In the wrongful death action, the plaintiff herein, her brother and sister, were named as the children and next of kin for whose benefit the action was brought.

In the within action, the defendant filed a supplemental answer setting up the defense of *res judicata* and estoppel by judgment, based upon the verdict in the wrongful death action. Plaintiff filed a motion to strike the supplemental answer on the ground it did not constitute a valid defense. The defendant filed a motion for judgment on the pleadings. The court treated plaintiff's motion to strike as a demurrer and overruled the same. Defendant's motion for judgment on the pleadings was sustained.

The plaintiff, appellant herein, assigns as error: Overruling plaintiff's motion to strike and sustaining defendant's motion for judgment on the pleadings. The two assignments of error involve the same proposition of law and will be considered together.

Plaintiff contends that all the conditions to establish a defense of res judicata are not present, citing *State, ex rel. Tol-*

*linger,* v. *Gill,* 43 Ohio Law Abs., 385, 62 N. E. (2d), 760; *Krisher* v. *McAllister,* 71 Ohio App., 58, 47 N. E. (2d), 817; *May Coal Co.* v. *Robinette, Admr.,* 120 Ohio St., 110, 165 N. E., 576. In the *Tollinger case,* the court, on page 389, quotes from *Mack* v. *Eckerline,* 3 Ohio Law Reporter, 535, which states the conditions of the doctrine of res judicata as follows:

" 'As a matter is not res judicata unless four conditions concur, namely, (1) identity of subject-matter; (2) identity of cause of action; (3) identity of persons and parties; (4) identity in the quality of the persons for or against whom the claim is made.' "

The plaintiff contends that two conditions are not present, to wit, identity of cause of action and identity of persons and parties, and therefore the doctrine of res judicata has no application. In support of this contention the plaintiff cites the *Krisher case,* the syllabus of which is as follows:

"A parent who, as next friend of an injured minor, has prosecuted an action for injuries to such minor, and has had an adverse judgment in such action, is not thereby precluded from thereafter maintaining an action in his individual capacity to recover expenses incurred by him as the result of such injury, and the adverse judgment against his ward does not constitute res judicata as against him individually."

In the *Robinette case,* where an action for wrongful death was instituted by the administrator, and at the same time the administrator filed an action for damages suffered by the decedent in the same accident for the benefit of decedent's estate for personal injury and property damage sustained by the decedent, the survivor action first came on for trial which resulted in a jury verdict returned in favor of the May Coal Company. Final judgment was entered. After final judgment was rendered in the survivor action, the May Coal Company filed in the wrongful death action an amended answer, setting up the final judgment in the survivor action and pleaded res judicata. The court, in the second paragraph of the syllabus, held:

"The two actions, the survivor action and the death action, although prosecuted by the same personal representative, are not in the same right, and hence a judgment for the

defendant in one case is not a bar to a recovery in the other."

The court, in the two above-cited cases, rested its ruling on *Mahoning Valley Ry. Co.* v. *Van Alstine, Admr.*, 77 Ohio St., 395, 83 N. E., 601, 14 L. R. A. (N. S.), 893, which held that an action to recover for personal injuries brought by the administrator of the deceased injured person is no bar to an action brought for wrongful death. The third paragraph of the syllabus is as follows:

"The two actions, although prosecuted by the same personal representative, are not in the same right, and hence a recovery and satisfaction in one case is not a bar to a recovery in the other."

The court, on page 414, in drawing a distinction between the two actions, said:

"* * * They rest primarily upon the same alleged negligence of the defendant and the same absence of contributory negligence of the injured person, but in the revived action the damages are for personal injuries to the injured person for which an action would lie if death had not ensued, and such damages to enure when recovered to the benefit of the estate, while in the later action the suit is prosecuted in the interest of other parties and the measure of damages is the pecuniary loss they have sustained by the death."

It must be observed that in the above-cited cases the facts are dissimilar from the facts in the case at bar. It is not necessary to analyze the dissimilarity.

Defendant, appellee herein, in its supplemental answer alleged that in the wrongful death action the jury not only returned a general verdict for the defendant, but also, in answer to interrogatories, found that the defendant was not negligent, and that the proximate cause of the collision was the negligence of the driver of the automobile in which the plaintiff and her mother were passengers. The answers which the jury gave to the interrogatories completely eliminated any claim that the verdict in favor of the defendant may have been based on contributory negligence.

Defendant claims that the allegations set out in the supplemental answer establish a defense of estoppel by judgment and res judicata. The appellee points out that the two actions here

involved were a wrongful death action, brought for the benefit of the plaintiff in this case and two other children, and an action by the plaintiff for personal injuries. It is the contention of the appellee that the plaintiff in the instant case, in the wrongful death action was a real party in interest or in privity, and that therefore there is an identity of parties and for this reason the judgment in the wrongful death action is res judicata and operates as an estoppel by judgment. The cases cited in support of this contention are: *Hixson* v. *Ogg*, 53 Ohio St., 361, 42 N. E., 32; *Wolf, Admr.,* v. *Lake Erie and Western Ry. Co.,* 55 Ohio St., 517, 45 N. E., 708, 36 L. R. A., 812; *Gibson* v. *Solomon,* 136 Ohio St., 101, 23 N. E. (2d), 996, 125 A. L. R., 903; *Ross, an Infant,* v. *Stricker,* 153 Ohio St., 153, 91 N. E. (2d), 18; *Mansker* v. *Dealers Transport Co.,* 160 Ohio St., 255, 116 N. E. (2d), 3; *Keith* v. *Willers Truck Service,* 64 S. D., 274, 266 N. W., 256, 104 A. L. R., 1471; *Chicago, Rock Island & Pacific Ry. Co.* v. *Schendel, Admr.,* 270 U. S., 611, 70 L. Ed., 757, 46 S. Ct., 420, 53 A. L. R., 1265; *St. Louis-S. F. Ry. Co.* v. *Stuckwish, Admx.,* 137 Okla., 251, 279 P., 683.

In *Wolf, Admr.,* v. *Lake Erie and Western Ry. Co., supra,* the court held that in a wrongful death action the administrator is merely a nominal party, having no interest in the case for himself or the estate he represents, and such actions are for the exclusive benefit of the beneficiaries in said actions named.

In *Gibson* v. *Solomon, supra,* the court, in the first paragraph of the syllabus, held that:

"In an action for wrongful death, properly brought in a court of competent jurisdiction by the personal representative of the decedent under authority of Section 10509-167, General Code of Ohio, such personal representative is but a nominal party and the *designated beneficiaries for whose exclusive benefit the action is maintainable are the real parties in interest.*" (Emphasis ours.)

Under the ruling in the last-cited case, the plaintiff in the instant case was a real party in interest in the wrongful death action in which the jury returned a verdict adverse to her.

Bearing on the question of estoppel by judgment, the court, in *Hixson* v. *Ogg, supra,* held:

"Where issue has been joined on a material fact in an

action, and the issue judicially determined and carried into judgment by a court having jurisdiction of the action, the parties to such action are concluded by such finding until the judgment is reversed or set aside. And the fact thus established cannot be retried by the same parties in any subsequent action, whether the second action is upon the same or a different subject-matter from the first. In this respect it is immaterial that one of the actions may have been *ex contractu* and the other *ex delicto.*"

In *Ross, an Infant,* v. *Stricker, supra,* an action for damages was brought in which the defendant filed a cross-petition. A judgment was rendered against the defendant on the plaintiff's petition and on the cross-petition. The defendant sought to appeal from the judgment rendered against him on the cross-petition.

The court, on page 159, said:

"* * * When judgment was rendered in favor of the plaintiff against the defendant on plaintiff's petition and that judgment became final, it determined for all time that the defendant was guilty of negligence and the plaintiff was not. * * * It is true that these facts were found in connection with another cause of action from that asserted by the defendant in his cross-action, but they were found in the same litigation between the same parties growing out of the same transaction. These crucial issues of fact—absence of negligence on the part of the plaintiff and negligence on the part of the defendant—so found against the defendant *estops him from relitigating them in his cause of action.*" (Emphasis ours.)

In the *Mansker case, supra,* the second paragraph of the syllabus is as follows:

"The final adjudication of a material issue by a court of competent jurisdiction binds the parties in any subsequent proceeding between or among them, irrespective of a difference in forms or causes of action."

The court, on page 260, in discussing the doctrine of res judicata and also estoppel by judgment, said:

"All the authorities agree that the doctrine of res judicata rests on the principles that the same person should not be twice vexed over the same dispute, and that it is for the benefit of society that there be an end to litigation.

"Although 'res judicata' and 'estoppel by judgment' have been distinguished (see for example *Gordon* v. *Gordon* [Fla.], 59 So. [2d], 40), they are certainly akin. Briefly stated, 'estoppel by judgment' simply means that the final adjudication of a material issue by a court of competent jurisdiction binds the parties in any subsequent proceeding between or among them, irrespective of a difference in forms or causes of action."

The court cites and quotes with approval from *Hixson* v. *Ogg* and *Ross, an Infant,* v. *Stricker.*

We come now to a consideration of the case of *Gibson* v. *Solomon* which involved an automobile collision. One automobile was driven by Solomon, in which his wife was a passenger. The other was being driven by Lucy Gibson. All three persons received personal injuries, Mrs. Solomon dying as a result of the collision. Surviving her were her husband and one daughter as the only heirs at law and next of kin. Solomon, as administrator of the estate of his wife, brought an action for wrongful death against Mrs. Gibson. The jury returned a verdict of $1,000 against Mrs. Gibson, representing the pecuniary loss which Mrs. Solomon's daughter was found to have sustained. It found that Solomon was guilty of contributory negligence, and he was eliminated from consideration as a beneficiary, under the rule stated in *Wolf, Admr.,* v. *Lake Erie and Western Ry. Co., supra.* Judgment was entered on the verdict and the amount of the judgment was paid. Subsequently, Mrs. Gibson commenced an action in the same court against Solomon individually, claiming damages for personal injuries and property loss growing out of the identical collision. Res judicata and estoppel by judgment were pleaded in the answer. The answer alleged in detail the history and result of the former action and bears a close similarity to the allegations in the supplemental answer filed by the defendant herein. A demurrer was interposed to the second and third defenses of the answer on the grounds that there was neither identity of causes of action nor of parties as between the cause in which Solomon as administrator was plaintiff and the second suit, which was instituted by Mrs. Gibson. The demurrer was overruled and, Mrs. Gibson choosing not to plead further, judgment was entered for the defendant, Solomon. On appeal, the

judgment was affirmed by the Court of Appeals and upon review by the Supreme Court the judgment was again affirmed. In the opinion, the court cited with approval *Hixson* v. *Ogg; Keith* v. *Willers Truck Service; Chicago, Rock Island & Pacific Ry. Co.* v. *Schendel, Admr.; St. Louis-S. F. Ry. Co.* v. *Stuckwish, Admx.; Mahoning Valley Ry. Co.* v. *Van Alstine, Admr.; May Coal Co.* v. *Robinette, Admr.,* cited by counsel herein in support of their separate contentions. The court, in discussing the question of identity of parties and whether a case of res judicata has been established, on page 104, said:

"Although involving the same automobile collision, the cause of action in the instant case is different from that in the former case. However, the controlling factor of negligence is common to both. In the first action, the question of negligence as it related to both Lucy Haines Gibson and R. W. Solomon was squarely raised and fully litigated. By its verdict the jury found her to have been negligent and him to have been contributorily negligent, and judgment followed the verdict accordingly. *It would therefore seem apparent that the question of negligence is res judicata, but the important inquiry yet remains as to whether there is an identity of parties in the two actions.*

"It is well settled that a former judgment does not have the effect of res judicata and is not conclusive of a material fact adjudicated unless the second action is not only between the same parties, but also between them in the same capacity or character. 23 Ohio Jurisprudence, 1010 *et seq.,* Section 794 *et seq.;* 15 Ruling Case Law, 1012, Section 486." (Emphasis ours.)

Again, in discussing the question as to whether the beneficiaries in a wrongful death action are the real parties in interest, the court, on page 105, said:

"From the context of the statute it is plain that the personal representative in whose name a wrongful death action is brought does not act as a representative of the decedent's estate, but sues in the capacity of a trustee on behalf of the particular persons designated as beneficiaries. He is really only a nominal party, having no interest in the action for himself or for the estate for which he is acting. 13 Ohio Jurisprudence, 553, Section 202.

"Compensation to the beneficiaries denominated is the purpose of the statute. The action being for their 'exclusive benefit' they have consequently been referred to as the real parties in interest."

The court, on page 106, in commenting on the case of *Keith* v. *Willers Truck Service*, said:

"Reaching the same conclusion as to the identity in character of a party appearing individually in one case and by representation in another, it was held in *Keith* v. *Willers Truck Service, supra* (64 S. D., 274, 266 N. W., 256), that a judgment in an action for personal injuries sustained by the plaintiff in an automobile collision which determined the issue of the defendant's negligence against the plaintiff operated as res judicata as to the issue of negligence in a later action brought for the death of plaintiff's wife resulting from injuries received in the same collision, where plaintiff sued as administrator and it was shown that he was the sole beneficiary."

On page 107, the court concludes as follows:

"Upon authority of the *Schendel, Keith* and *Stuckwish* decisions it is clear that *R. W. Solomon is the identical person in the present action as he was in the former—the real party in interest in both. He could not relitigate the decisive question of negligence in any action he might bring personally against Lucy Haines Gibson for injuries sustained in the automobile collision, because of the outcome in the prior case.* Is she likewise precluded? Since her negligence was also established in the previous action, to which she and R. W. Solomon were parties, *the rule asserts itself that estoppels operate mutually; both the litigants are similarly concluded.* 1 Freeman on Judgments (5 Ed.), 929, Section 428." (Emphasis ours.)

On page 108, the court disposes of the *Van Alstine* and *Robinette cases*, relied on by the appellant herein, in the following language:

"The effect of these holdings is that under the so-called wrongful death act (now Section 10509-166 *et seq.*, General Code) and the so-called survivor statute (Section 11235, General Code), two separate and distinct rights of action are afforded—one to the personal representative of the decedent *for the exclusive benefit of the designated next of kin,* by reason

of the pecuniary loss suffered by them on account of the death, and the other to the personal representative *for the benefit of the estate generally,* by reason of the injuries and their concomitants for which the deceased would have had a cause of action; hence the two actions, although prosecuted by the same personal representative, are not in the same right, and a judgment in one action for either the plaintiff or defendant is not a bar to the prosecution of the other.

"In the first instance the personal representative sues in one right as the nominal party plaintiff for the sole advantage of the denominated next of kin; in the second he sues in a different right, on a different basis and in a more substantial role, in the interests of the estate, whereby any amount recovered may be applied to the payment of creditors and may also be to the profit of others who do not answer the description of next of kin. In each case the personal representative assumes a different character. The interests represented in the one action may be entirely foreign to those represented in the other. *We believe, therefore, that the Van Alstine and Robinette cases are distinguishable from the one before us.*" (Emphasis in the last paragraph ours.)

Inasmuch as the *Gibson* v. *Solomon* case cites with approval and quotes at length from a number of the cases relied on by the appellee we do not find it necessary to discuss or further comment on those cases.

In the *Gibson case*, the court ruled that in the wrongful death action Solomon, as one of the beneficiaries, was a real party in interest, and that in a later action for personal injuries which he might bring against Gibson he could not relitigate the question of negligence. He was the real party in interest in both cases. In applying this principle of law to the factual situation in the instant case, we are required to rule that in the wrongful death action the plaintiff herein was a real party in interest and that in this action for personal injuries she cannot relitigate the decisive question of negligence which was decided adversely to her in the wrongful death action. She was the real party in interest in both cases.

The controlling rule of law is stated in the second paragraph of the syllabus in *Gibson* v. *Solomon* as follows:

"Where in such action the negligence of the defendant and the contributory negligence of a beneficiary become vital issues, are established by the verdict of the jury and are carried into the final judgment rendered, the question of negligence is res judicata between such beneficiary and the defendant in any future action, and cannot be relitigated by them."

We are of the opinion that the supplemental answer alleged facts which established estoppel by judgment and also res judicata.

In our opinion, judgment on the pleadings was properly entered in favor of the defendant. We find no assignment of error well made.

*Judgment affirmed.*

CRAWFORD and KERNS, JJ., concur.