**Charles Grant SMITH, Appellant,**

**and**

**Vern Leon Reynolds and Helen Reynolds, Intervenors-Appellants,**

**v.**

**Margaret PREIS, Executrix of the Estate of Mrs. Betty Moore, Deceased, Respondent.**

No. 51256.

Supreme Court of Missouri, Division No. 2.

Dec. 13, 1965.

Daniel, Clampett, Ellis, Rittershouse & Dalton, Ransom A. Ellis, Jr., Donald W. Jones, Springfield, for plaintiff-appellant.

Miller, Fairman, Sanford, Carr & Lowther, William P. Sanford, F. William Joyner, Springfield, for intervenors-appellants.

Robert F. Middleton, Russell, Brown & Middleton, Nevada, for defendant respondent.

STOCKARD, Commissioner.

On November 30, 1963, Mrs. Betty Moore sustained personal injuries when an automobile operated by Charles Grant Smith, and in which she was a passenger, collided with an automobile owned by Vern Leon Reynolds and Helen Reynolds. On December 31, 1963, Mrs. Moore filed a suit in the Circuit Court of Cedar County against Smith and each of the Reynolds in which she sought damages for personal injuries. On February 4, 1964, Mrs. Moore died. Margaret Preis, executrix of the estate of

Mrs. Betty Moore, deceased, was substituted as party plaintiff. She subsequently filed her first amended petition seeking damages in the amount of $50,000, and she alleged therein that "the injuries inflicted upon [Mrs. Betty Moore] on November 30, 1963, * * * did not result in [her] death * * *."

On April 17, 1964, Margaret Preis, designating herself as "executrix of estate of Mrs. Betty Moore," filed a separate suit in the Circuit Court of Cedar County against Smith and each of the Reynolds in which she sought damages in the amount of $25,000 for the wrongful death of Mrs. Betty Moore, and alleged therein that "plaintiff is informed and believes that such death occurred by reason of the injuries received in the aforementioned collision occurring November 30, 1963."

Without seeking the relief authorized by Civil Rules 66.01(b) and 66.02, V.A.M.R., at least insofar as shown by the record, Charles Grant Smith filed the pending suit in the nature of interpleader against Margaret Preis, executrix of the estate of Mrs. Moore, and Vern Leon Reynolds and Helen Reynolds were permitted to intervene as plaintiffs. They alleged that they are faced with two inconsistent suits; the suit for damages in the amount of $50,000 for personal injuries on the theory that the injuries did not result in the death of Mrs. Moore, and the suit for $25,000 for wrongful death on the theory that the same injuries did result in the death of Mrs. Moore. The prayer was that the plaintiff in the revived personal injury action and the plaintiff in the wrongful death action be required to interplead and adjudicate the single issue as to whether the injuries sustained by Mrs. Moore did or did not result in her death; that pending the determination of that issue the prosecution of both cases be enjoined; and that if it be determined that the injuries did result in Mrs. Moore's death that the action for personal injuries be dismissed with prejudice, and if it be determined that the injuries did not result in the death of Mrs. Moore that the action for wrongful death be dismissed with prejudice.

Margaret Preis, as executrix, filed a motion to dismiss the petition in the nature of interpleader on the ground that it failed to state a claim upon which relief could be granted, which motion was sustained by the trial court, and plaintiffs in the interpleader action have appealed. The relief sought by appellants is the dismissal of either the action for $50,000 for personal injuries or the action for $25,000 for wrongful death. The value of the relief sought by appellants is at least $25,000, and this court has appellate jurisdiction. Plaza Express Co., Inc. v. Galloway, 365 Mo. 166, 280 S.W.2d 17.

Section 537.020 (all statutory references are to RSMo 1959, V.A.M.S.) provides in part that "Causes of action for personal injuries, *other than those resulting in death,* * * * shall survive to the personal representative of such injured party, * * *." (Italics added.) Margaret Preis, as executrix of the estate of Mrs. Moore, is that personal representative. State ex rel. McCubbin v. Ginn, Mo., 347 S.W.2d 119, 125.

Section 537.080 provides in part that *"Whenever the death of a person shall be caused by a wrongful act,* neglect or default of another * * * the person who or the corporation which would have been liable if death had not ensued shall be liable to an action for damages, * * *." It is further provided that such damages may be sued for and recovered by certain persons but if there are none of those specified, "then in such case *suit may be instituted* and recovery had *by the* administrator or *executor of the deceased* and the amount recovered shall be distributed according to the laws of descent." (Italics added.) Margaret Preis, in the capacity of executrix, is the person designated to bring the suit for wrongful death.

At common law an action for personal injuries did not survive the death of an injured party, Jordan v. St. Joseph Ry., Light, Heat & Power Co., 335 Mo. 319, 73 S.W.2d

205, 211, and an action for wrongful death was not cognizable at common law. Knorp v. Thompson, 352 Mo. 44, 175 S.W.2d 889, 895. Therefore, only by virtue of Section 537.020 may an action for personal injuries survive to the personal representative of the deceased, and that action survives only if the injury did not result in death. Plaza Express Company v. Galloway, supra. Also, it is solely by virtue of the wrongful death statutes above referred to that any claim or cause of action accrues to the person named in Section 537.080. Jordan v. St. Joseph Ry., Light, Heat & Power Co., supra. It necessarily follows that at the instant of the death of Mrs. Moore, a claim for damages for the personal injuries she received in the November 30, 1963 collision survived to her personal representative, in this case her executrix, if, but only if, the injuries she received as the result of the collision *did not* result in Mrs. Moore's death. It also necessarily follows that a claim or cause of action for the wrongful death of Mrs. Moore accrued to the executrix of her estate if, but only if, those same injuries *did* result in Mrs. Moore's death. There was at this death only one claim in existence; both claims could not and did not exist. Plaza Express Company v. Galloway, supra. Which of the two claims did exist depends upon a determination of the fact issue of whether the injuries Mrs. Moore received did or did not cause her death.

◼ Interpleader in Missouri is now governed by Civil Rule 52.07, V.A.M.R., (in substance the same as Section 507.060) which has entirely abolished certain technical requirements and has broadened the scope of common law interpleader, and in its parts material to this proceeding is as follows: "Persons having claims against the plaintiff may be joined as defendants and required to interplead when their claims are such that the plaintiff is or may be exposed to double or multiple liability." The phrase "double or multiple liability" obviously means exposed to double or multiple recovery for a single liability. Plaza Express

Company v. Galloway, supra. The broadened effect of Civil Rule 52.07, is expressly set forth in the Plaza Express Company case, where it is said that "there are only two vital facts which must appear from the averments in plaintiffs' statement of their claim. These are that persons have claims against plaintiffs, and that those claims are of such nature that plaintiffs may be exposed to 'double liability.'"

◼ In the pending case we are concerned with whether appellant's petition stated a claim for the relief of interpleader under Rule 52.07. Respondent, as the personal representative referred to in Section 537.-020, in whose name the action for personal injuries has been revived, has presented a claim against appellants for $50,000. Respondent, as the person who is executrix of the estate of Mrs. Moore and who in such status is the person designated by Section 537.080 to be the nominal plaintiff in an action for wrongful death, has presented a claim in the amount of $25,000 against appellants. In the first capacity respondent, in effect, stands in place of the deceased, and represents her estate. The damages recoverable in the revived personal injury action become assets of the estate of the testator available for payment of debts, for distribution according to the will, and for all uses to which general assets may be applied. In the second capacity she acts as trustee for the benefit of those who take under the "laws of descent." Demattei v. Missouri-Kansas-Texas R. Co., 345 Mo. 1136, 139 S.W.2d 504; 16 Am.Jur. Death § 266. Such amount that is recovered, if any, does not go into the estate but is distributed directly to those entitled thereto under the laws of descent. In fact, in the two capacities Margaret Preis represents conflicting and inconsistent interests. Plaza Express Company v. Galloway, supra, 280 S.W.2d at p. 23; Wallace v. Bounds, Mo., 369 S.W.2d 138. In these two capacities she constitutes "persons having claims" within the meaning of that phrase as used in Civil Rule 52.07.

The other vital fact necessary to state a claim under Civil Rule 52.07 is that appel-

lants may be, in fact, subject to two recoveries for a single liability, for which single liability they are legally subject to only one recovery.

Appellants assert that they are faced with double recovery on a single liability because respondent is acting in two separate capacities, in neither of which is she in privity with herself acting in the other capacity. Respondent admits that she has made two claims, only one of which can exist, and she admits that she is acting in two separate capacities. She asserts, however, that "there is sufficient identity of interest so that she will be bound by the first determination of the fact" as to whether the injuries received on November 30, 1963, did or did not cause her death. She later asserts that if she litigates "either cause of action to a jury verdict *in her favor,* the issue of the cause of death will inherently be decided." The implication from this latter assertion, somewhat inconsistent with the former, is that if she litigates either cause of action to a verdict which is not in her favor, she may then litigate the other.

■ A former adjudication on the same cause of action between the same parties is conclusive in a second proceeding as to every issue of fact which was or might have been litigated in the first under what is called res judicata or estoppel by judgment. Abeles v. Wurdack, Mo., 285 S.W.2d 544, 546. The two claims presented in this case are not based on the same cause of action, Harris v. Goggins, Mo., 374 S.W.2d 6; Gibson v. Solomon, 136 Ohio St. 101, 23 N.E.2d 996, 125 A.L.R. 903, and the doctrine of res judicata or estoppel by judgment, strictly speaking, does not apply. However, a judgment between the same parties on a different cause of action is binding as to the facts actually decided, and necessarily determined in rendering the judgment under what is called estoppel by verdict. State ex rel. Gott v. Fidelity & Deposit Co. of Baltimore, Md., 317 Mo. 1078, 298 S.W. 83; Abeles v. Wurdack, supra. The principal issue in this case is whether in the two suits there is an identity of parties plaintiff. In each case the named individual is Margaret Preis, and in each case she is acting as the executrix of the estate of Mrs. Moore. "However, it is said that identity of parties is not a mere matter of form, but of substance; parties nominally the same may be, in legal effect, different; and parties nominally different may be, in legal effect, the same." 30A Am.Jur. Judgments § 397; Chicago, R. I. & P. Ry. Co. v. Schendel, 270 U.S. 611, 46 S.Ct. 420, 70 L.Ed. 757, 53 A.L.R. 1265; Gibson v. Solomon, 136 Ohio St. 101, 23 N.E.2d 996, 999; 50 C.J.S. Judgments § 763.

■ As a general rule, for res judicata or estoppel by verdict to apply, even though there is an identity of persons, they must be parties to both actions in the same capacity or quality. 30A Am.Jur. Judgments § 398; In re Thomasson's Estate, 355 Mo. 274, 196 S.W.2d 155, 170 A.L.R. 1170; National Bondholders Corp. v. Seaboard Citizens Nat. Bank, 4 Cir., 110 F.2d 138; Butterick Co., Inc. v. Molen, 198 Okl. 92, 175 P.2d 311; McCarthy v. William H. Wood Lumber Co., 219 Mass. 566, 107 N.E. 439; Gibson v. Solomon, 136 Ohio St. 101, 23 N.E.2d 996. There is no question but that in this case Margaret Preis, as executrix, in the suit for personal injuries is acting in a capacity different from her capacity as the nominal plaintiff designated in Section 537.080 where she acts as trustee for those entitled to the proceeds of the wrongful death action. In fact, as previously noted, her interests in each capacity are adverse and inconsistent. In a case comparable on the facts, McCarthy v. William H. Wood Lumber Co., supra, the Supreme Court of Massachusetts said this: "The plaintiff [administrator] in the former case [for personal injuries revived by the administrator] in the strict sense represented the deceased and stood in her shoes. In the present case [wrongful death brought by the same person as administrator] he does not represent her or her estate. The cause of action does not come to him as a survival from his intestate, but as an obligation

springing into existence after her death, which becomes in a sense a trust in his hands to be executed wholly for the benefit of the next of kin, and not at all for the benefit of her estate." Subsequently it was held that "there is no privity between the plaintiff suing in his two different personalities, one for the benefit of those interested in the estate and the other for the benefit of the next of kin," and that the "result is that the doctrine of res judicata [strictly speaking, estoppel by verdict] does not apply to the facts disclosed on this record." See also the somewhat comparable factual situations in Gibson v. Solomon, supra, and Coon v. Atlantic Coast Line R. Co., 125 Fla. 240, 171 So. 207.

■ Respondent relies on In re Thomasson's Estate, supra; In re Franz' Estate, Mo., 372 S.W.2d 885; Rossi v. Davis, 345 Mo. 362, 133 S.W.2d 363, 125 A.L.R. 1111; and In re Flynn's Estate, 232 Mo.App. 297, 95 S.W.2d 1208. These cases represent what is sometimes called an exception to the above rule, but which actually is not an exception. The facts of each case do not bring it within the rule. Where a party in an individual or representative capacity is asserting or protecting the same rights or interests he later seeks to assert or protect in a different representative capacity, he is in effect the same party, or at least in one capacity he is in privity with his other capacity. This distinction is discussed at length, and the rule is set forth concisely and in detail in Vaughn, Adm'r. v. Louisville & N. R. Co., 297 Ky. 309, 179 S.W.2d 441, 152 A.L.R. 1060; and in Chicago, R. I. & P. Ry. Co. v. Schendel, 270 U.S. 611, 46 S.Ct. 420, 70 L.Ed. 757, 53 A.L.R. 1265. In her brief, respondent sets forth the issue this way: "In the previous action, did the party have substantially the same interest and represent substantially the same legal right? If the answer is yes, estoppel by judgment will be applied." We add, that if not, estoppel by judgment or by verdict will not be applied. We have demonstrated in this case, that not only do the parties represented by Margaret Preis in her two capacities not have the same interest, their interests are in conflict, and the legal rights she represents are different, and in fact are adverse to each other.

Respondent also asserts that Gibson v. Solomon, supra, and McCarthy v. William H. Wood Lumber Co., supra, should be distinguished (and this contention would apply equally to Coon v. Atlantic Coast Line R. Co., supra), on the ground that in the states from which these cases arose an action for injuries resulting in death and an action for wrongful death are not mutually exclusive of each other. We fail to see why this distinction constitutes a difference. The issue in those cases, as in this one, was whether the doctrine of estoppel by verdict applied when the plaintiff in the two actions was the same person acting in different capacities and not representing the same interests.

■ We know of no rule under the theory of estoppel by verdict whereby those who are the beneficiaries under the wrongful death act, when their interests are not identical to those who benefit from a testator's estate, are or should be bound by the action of a person acting as executor of the estate when that action is contrary and adverse to the interest he is charged by law to represent in his separate capacity as statutory trustee for the benefit of those who take under the laws of descent, and vice versa.

We conclude that the petition for interpleader does present facts authorizing relief under Civil Rule 52.07, and the trial court erred in dismissing it.

The judgment is reversed and the cause remanded.

BARRETT and PRITCHARD, CC., concur.

PER CURIAM.

The foregoing opinion by STOCKARD, C., is adopted as the opinion of the Court.

All of the Judges concur.